UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN DOYLE et al.                              CIVIL ACTION

VERSUS                                          NO: 10-1827

BP EXPLORATION & PRODUCTION                     SECTION: R
INC. et al.


### ORDER AND REASONS

Before the Court is Plaintiffs' application for a temporary restraining order pending a determination on the merits of their application for preliminary injunction.[1] Plaintiffs ask the Court to enter a temporary restraining order without first giving Defendants an opportunity to be heard. For the following reasons, Plaintiffs' application is DENIED.

Plaintiffs filed this action in Fort Myers, Florida, and the Florida Court transferred it to this district.[2] Plaintiffs seek a temporary restraining order ordering defendants BP, Transocean,

---

[1]  (R. Doc. 2.)

[2]  (R. Doc. 8.)

Halliburton, and Kenneth Salazar to cap the well spewing oil in the Gulf of Mexico and to clean up the spill, among other relief.

Temporary restraining orders are "extraordinary relief and rarely issued."[3] A party can obtain a temporary restraining order or a preliminary injunction only if: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm to the movant will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction or temporary restraining order will not disserve the public interest.[4] A court may issue a temporary restraining order without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"[5]

---

[3] *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D.La. 1999).

[4] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

[5] Fed. R. Civ. P. 65(b)(1)(A). Rule 65(b) applies even though Plaintiffs' counsel has declared that she has provided notice to Defendants (R. Doc. 5) because Plaintiffs request that the Court impose a temporary restraining order before Defendants have any opportunity to be heard. *Tootsie Roll Industries, Inc. v. Sathers, Inc.*, 666 F.Supp. 655, 658 (D.Del. 1987).

Plaintiffs' Verified Complaint fails to state specific facts showing that immediate and irreparable injury, loss, or damage will result to the movants. Plaintiffs are identified as Brian Doyle, a Florida environmentalist, and Jane and John Doe, who are "similarly-situated" to Doyle.[6] The Complaint does not specifically allege whether Jane and John Doe also live in Florida. No further information about the Plaintiffs is alleged. The Complaint generally asserts that the oil spill has washed ashore throughout the Southeast and "has compromised Plaintiffs' enjoyment of the contaminated locations, both economically and physically."[7] These conclusory assertions do not contain specific facts to indicate what Plaintiffs' threatened injuries are, much less why they cannot be addressed by monetary damages.[8] Plaintiffs have not identified the nature of their economic or physical interests that are allegedly affected by the spill. They do not even allege where Doyle lives in Florida, the state

---

[6] (R. Doc. 1., ¶5)

[7] *Id.* at ¶45.

[8] *Paulsson Geophysical Services, Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008), quoting *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) ("[a]n injury is irreparable only if it cannot be undone through monetary remedies"). *See also Ashcroft v. Iqbal* 129 S.Ct. 1937, 1949-50 (2009) (the Court is not bound to accept conclusory allegations as true).

of residence of Jane and John Doe, or what their relationship is to the contaminated areas. Without specifically identifying the injuries that allegedly threaten them, Plaintiffs cannot obtain the extraordinary relief they seek.[9]

Plaintiffs' counsel's Rule 65(a) declaration states that "[t]here is good cause to believe that immediate and irreparable damage to the Plaintiffs will occur each day that oil is discharged."[10] This assertion, again, does not contain the necessary specific facts. Plaintiffs have not met the requirements of Rule 65(b)(1)(A) and therefore cannot obtain a temporary restraining order.

For the reasons stated, Plaintiffs' application for a temporary restraining order is DENIED. The Court's case manager will contact the parties to schedule a hearing on Plaintiffs' application for a preliminary injunction.

New Orleans, Louisiana, this 29th day of June, 2010.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9] *See, e.g., RCM Technologies, Inc. v. Beacon Hill Staffing Group, LLC*, 502 F.Supp.2d 70, 74 (D.D.C. 2007) (denying application for temporary restraining order because plaintiff's alleged injuries were speculative and non-specific).

[10] (R. Doc. 5.)